**In the Matter of the CONDITIONAL ADMISSION OF BAR APPLICANT NO. E01523, James D. BECKLEY.**

**No. 94S00–1002–BL–93.**

Supreme Court of Indiana.

May 7, 2010.

### PUBLISHED ORDER REVOKING CONDITIONAL LICENSE TO PRACTICE LAW

James D. Beckley ("Respondent") was conditionally admitted to the Indiana bar on June 9, 2009 pursuant to terms and conditions established in a Consent Agreement signed by Respondent three months before on March 9, 2009 and approved by the by the Board of Law Examiners ("the Board") the following day. The Consent Agreement required, among other things, that Respondent have no arrests or incidents related to the use of alcohol during his period of conditional admission, that he enter into a monitoring contract with the Judges and Lawyers Assistance Program ("JLAP"), and that he provide sworn statements to the Board by January 1, March 1, June 1, and October 1 of each year, but no earlier than two weeks before each of those quarterly due dates.

Two months after signing the Consent Agreement, on May 18, 2009, Respondent reported to the Board that he had been arrested in New Orleans for Driving While Intoxicated approximately two weeks earlier. Even with this Louisiana criminal matter pending, he was admitted to the practice of law in Indiana on June 9, 2009. The following day, on June 10, 2009, Respondent notified JLAP's clinical director that a recent urine screen he had undergone as part of his JLAP monitoring might reveal the presence of marijuana because he had smoked marijuana around the time of his arrest in New Orleans.

The Board ordered Respondent to appear before it, which he did on July 13, 2009. During his appearance, the Board engaged Respondent in a lengthy and detailed discussion about Respondent's commitment to sobriety and the peril in which his behavior was placing his Indiana law license. Respondent admitted committing an illegal act, namely smoking marijuana, and made extensive and effusive assurances that his future conduct would conform to the law and to the Consent Agreement.

Based on these assurances, the Board and Respondent entered into an Amendment to the Consent Agreement containing additional conditions, including that Respondent's license to practice law would remain "in good standing" during the entire period of his conditional admission and that he could not place it on "inactive" status. Respondent was warned that the Amendment was his last chance and that the Board would have zero tolerance for any violations of it, no matter how small. Respondent assured the Board that he understood. Respondent executed the written Amendment to the Consent Agreement on July 25, 2009.

On August 18 and November 17, 2009, Respondent provided quarterly sworn statements to the Board. These statements were provided well before the maxi-

mum allowable period of two weeks as expressed in the Consent Agreement. In addition, on October 1, 2009, Respondent placed his license on "inactive" status; however, he did not report doing so in his November 17th report.

Because of Respondent's failure to abide by the terms of his conditional admission, on February 11, 2010 the Board filed a petition with this Court seeking revocation of Respondent's conditional admission and recommending that Respondent not be permitted to submit a new application for five (5) years. The Board then filed an Amended Petition on February 15th, which was similar in substance to its original Petition except that the Amended Petition contained the certification required by Admission and Discipline Rule 12.

On March 22, 2010, Respondent submitted a response and exhibits. On March 31, 2010, the Board submitted a reply to Respondent's response.

The Board's certified findings establish that Respondent failed to abide by the terms of his conditional admission. Respondent's response and exhibits, while showing progress in his attempt to achieve lasting sobriety, do nothing to contradict the Board's findings of noncompliance. Respondent was given repeated opportunities to conform his behavior to the standards required of those seeking admission to our bar but failed to meet those standards. Accordingly, a majority of this Court finds that Respondent's conditional admission to practice law in Indiana should be revoked. However, a majority also finds that Respondent's positive strides toward lasting sobriety, including regular attendance at Alcoholics Anonymous meetings and maintaining complete compliance with the requirements of his JLAP monitoring agreement after his April 2009 incident in New Orleans, suggest that a three-year waiting period to reapply, rather than a five-year waiting period, is more appropriate under these circumstances.

Accordingly, the Court finds that the Board's Amended Petition should be GRANTED and that the license of James D. Beckley to practice law in Indiana should be, and hereby is, REVOKED, effective immediately. Further, Respondent SHALL NOT SUBMIT a new application for admission to the Bar of Indiana for a period of **three (3) years** from the date of this order.

The Clerk is directed to provide notice of this order in accordance with Admission and Discipline Rule 23, section 3(d), and to provide the Clerk of the U.S. Court of Appeals for the Seventh Circuit, and the clerks of the U.S. District Courts and U.S. Bankruptcy Courts of this state, with Respondent's personal and business addresses.

In addition, the Clerk is further directed to send copies of this order to Respondent's counsel, Kathleen Sweeney; to Linda Loepker, Executive Director of the State Board of Law Examiners; to the Office of Supreme Court Administration; to Seth Pruden, Acting Executive Secretary of the Supreme Court Disciplinary Commission; to LexisNexis; and to Thomson/West for publication in the bound volumes of this Court's decisions. The Clerk is also directed to post this order to the Court's website.

DICKSON, J., and SULLIVAN, J., concur.

BOEHM, J., and RUCKER, J., vote to deny the Board's Amended Petition.